IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND/ODESSA DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| v. | § | MO:24-CR-00160(1)-DC |
| **(1) FRANKIE ACOSTA** | § | |

## ORDER DENYING MOTION TO DISMISS INDICTMENT

BEFORE THE COURT is Defendant's Amended Motion to Dismiss Indictment.[1] Defendant was indicted under 18 U.S.C. § 922(g)(1), which prohibits felons from transporting, receiving, selling, or possessing a firearm. Because of the Supreme Court's decision in *New York State Rifle and Pistol Association, Inc. v. Bruen*,[2] Defendant argues that § 922(g)(1) is unconstitutional and thus the indictment should be dismissed.[3]

This Court has already conducted an in-depth analysis of § 922(g)(1) and upheld its constitutionality in cases like *United States v. Collette* and *United States v. Charles*.[4] The Court did so in those instances because while "all people have the right to keep and bear arms . . . history and tradition support Congress's power to strip certain groups of that right."[5]

---

[1] Doc. 25.
[2] 142 S. Ct. 2111 (2022).
[3] Defendant's motion also preserves for appeal the argument that § 922(g)(1) violates the Commerce Clause, which Defendant admits is foreclosed by Fifth Circuit precedent. This argument fails as there is clear Fifth Circuit precedent against this claim. *See, e.g., U.S. v. Rawls*, 85. F.3d 240 (5th Cir. 1996); *United States v. Schmidt*, 487 F.3d 253, 255 (5th Cir. 2007).
[4] No. MO:22-CR-00141-DC, 2022 WL 4476790 (W.D. Tex. Sept. 25, 2022); No. MO:22-CR-00154-DC, 2022 WL 4913900 (W.D. Tex. Oct. 3, 2022).
[5] *United States v. Diaz*, Case No. 23-50452, 2024 WL 4223684, at *5 (5th Cir. Sept. 18, 2024) (quoting *Kanter v. Barr*, 919 F.3d 437, 452 (7th Cir. 2019) (Barrett, J., dissenting)).

The Fifth Circuit's recent decision in *United States v. Diaz*[6] further confirms the constitutionality of Defendant's indictment. In *Diaz*, the Fifth Circuit found that a conviction for vehicle theft would have been considered a felony at the Founding and that "laws authorizing severe punishments for thievery and permanent disarmament in other cases establish that our tradition of firearm regulation supports the application of § 922(g)(1) to Diaz."[7] Much like Diaz, Defendant's criminal history includes a conviction for a serious crime that has a "representative historical analogue"[8] at the Founding that would be considered a felony, or punished as such, by disarmament or some greater punishment—aggravated assault with a deadly weapon.[9]

In conclusion, the Court sees nothing in the Supreme Court's opinion in *United States v. Rahimi*[10] or the Fifth Circuit's opinion in *United States v. Diaz* that warrants dismissing the indictment. Additionally, the Court is unconvinced that *Diaz* creates a requirement that the

---

[6] *Id.*

[7] *Id.* at *9.

[8] *Bruen*, 597 U.S. at 30.

[9] *See, e.g., Diaz*, 2024 WL 4223684, at *5 (finding theft was often punished by the death penalty); *see also United States v. McCants*, No. 22-310, 2023 WL 8436055, at *4 (E.D. Pa. Dec. 5, 2023) (finding section 922(g)(1) constitutional as applied to individual with prior conviction for aggravated assault because "[a]ggravated assault, like murder and robbery, is a paradigmatic violent crime, and those who commit such a crime are dangerous to the public peace and would have been disarmed at the time of the Founding"); *United States v. Adams*, No. 23-0122, 2024 WL 54112, at *10 (M.D. Pa. Jan. 4, 2024) ("Defendant's past crimes suggest that he has acted dangerously by engaging in physical violence with a deadly weapon or dangerous instrument and depriving people of their property through force. Individuals like defendant were disarmed under historical analogues."); AN ACT FOR THE PUNISHMENT OF CERTAIN CRIMES (N.H. 1812), § 11, *reprinted in* THE LAWS OF THE STATE OF NEW HAMPSHIRE 312 (C. Norris & Co. 1815) ("That if any person shall feloniously assault, rob and take from another person any money, goods, chattels, or other property, that may be the subject of theft, such person being thereof convicted, shall be adjudged guilty of felony, and shall suffer death.").

[10] 144 S. Ct. 1889 (2024).

Government list the predicate felony offense in § 922(g)(1) indictments. As such, Defendant's indictment is not deficient such that it warrants dismissal of the indictment. Accordingly, the Court **DENIES** Defendant's motion.

It is therefore **ORDERED** that Defendant's Motion to Dismiss Indictment be **DENIED**.

It is so **ORDERED.**

**SIGNED this 7th day of October, 2024.**

                                           **DAVID COUNTS**
                                           **UNITED STATES DISTRICT JUDGE**